IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK TODD,

      Plaintiff,                           No. CIV 2:11-cv-2598-GEB-JFM (PS)

      vs.

JUDGE JOHN ELLIS,                   ORDER AND

      Defendant.                 FINDINGS & RECOMMENDATIONS

_____/

      Plaintiff is proceeding in this action pro se. Plaintiff seeks to proceed in forma pauperis. 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(c)(21).

      Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

A.    Screening of Complaint

      The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff filed this action on October 4, 2011 accompanied with a motion to seal. Plaintiff asserts this court has appellate jurisdiction pursuant to 28 U.S.C. § 1331 and § 1651. Defendant John Ellis is a state court family law judge of the Solano County Superior Court. In the complaint, titled "Motion for Summary Judgment or Partial Summary Judgment," plaintiff alleges Judge Ellis was prejudiced and biased against plaintiff in a family law case concerning plaintiff's visitation rights with his son. As a result of defendant's prejudice and bias, plaintiff suffered violations of his right to freedom of speech, a jury trial, presumption of innocence, due process, be present at a trial, a fair trial, be heard and privacy. Plaintiff seeks recusal of defendant pursuant to 28 U.S.C. § 455(a)(b)(1), reversal of defendant's judicial orders in the family law case and return of legal and physical custody of the child to plaintiff.

The undersigned has reviewed the complaint and finds that it is subject to dismissal on the following grounds. Initially, contrary to plaintiff's contention, this court does not sit as an appellate court over the California Supreme Court. See Worldwide Church of God

v. McNair, 805 F.2d 888 (9th Cir. 1986). As the Ninth Circuit has held,

> Federal district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions. This rule arises from the interplay of two jurisdictional statutes: 28 U.S.C. § 1331, which grants district courts original jurisdiction over "civil actions arising under" federal law, and 28 U.S.C. § 1257, which grants the Supreme Court the right to review "final judgments ... rendered by the highest court of a State." This rule applies even when the state court judgment is not made by the highest state court, and when the challenge to the state court's actions involves federal constitutional issues.

Dubinka v. Judges of the Superior Court, 23 F.3d 218, 221 (9th Cir. 1994). Thus, absent original jurisdiction, this matter must be dismissed.

Dissatisfied with defendant's rulings in the underlying family law case, plaintiff seeks defendant's recusal pursuant to 28 U.S.C. § 455. Section 455(a), which is a general requirement, provides: "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b) then requires that judges covered by section 455(a) disqualify themselves in certain specific situations. "The term 'judge of the United States' includes judges of the courts of appeals, district courts, Court of International Trade and any court created by Act of Congress, the judges of which are entitled to hold office during good behavior." 28 U.S.C. § 451. The federal recusal statute does not apply to state court judges because they are not "justice[s], judge[s], or magistrate[s] of the United States," as defined by section 451. See Nobles v. Commissioner, 105 F.3d 436, 438 (9th Cir. 1997) (noting that section 455 does not apply to federal tax court judges because they serve only fifteen year sentences). Therefore, insofar as plaintiff seeks disqualification of Judge Ellis on grounds of bias and prejudice pursuant to 28 U.S.C. § 455, this claim fails.

Moreover, federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994); Finley v. United States, 490 U.S. 545 (1989). Lack of

1  subject matter jurisdiction is never waived and may be raised by the court sua sponte. <u>Attorneys</u>
2  <u>Trust v. Videotape Computer Products, Inc.</u>, 93 F.3d 593, 594-95 (9th Cir. 1996). Generally,
3  domestic and family law matters, including divorce and custody, are state courts' primary
4  responsibility. Federal courts are prevented to hear such disputes under the "domestic relations
5  exception" to federal jurisdiction. <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 703 (1992); <u>Newman</u>
6  <u>v. Indiana</u>, 129 F.3d 937 (7th Cir. 1997). This doctrine is based on the notion that "the whole
7  subject of domestic relations of husband and wife, parent and child, belongs to the laws of the
8  States and not to the laws of the United States." <u>Welker v. Metropolitan Life Ins. Co.</u>, 502 F.
9  Supp. 268, 269 (D.C. Cal. 1980) (internal citations omitted). The domestic relations exception
10 has been narrowly confined to "those cases most closely resembling historically ecclesiastical
11 actions," as in "where a federal court is asked to grant a divorce or annulment, determine support
12 payments, or award custody of a child." <u>See</u> <u>Csibi v. Fustos</u>, 670 F.2d 134, 137 (9th Cir. 1982).

13        Here, plaintiff seeks an order from this court overturning the current visitation
14 and restraining orders issued by Judge Ellis and an order granting legal and physical custody of
15 plaintiff's son to plaintiff. The gravaman of plaintiff's complaint is that he is dissatisfied with
16 defendant's judicial rulings depriving plaintiff of custody and visitation rights of his son. Both
17 this and the relief plaintiff seeks render this case squarely within the purview of the domestic
18 relations exception. The court, therefore, should decline jurisdiction.

19        For these reasons, the court should dismiss this matter for lack of jurisdiction.

20 B.   <u>Motion to Seal</u>

21        Plaintiff also requests to have his complaint and numerous attachments sealed.
22 He contends the documents in this case contain social security numbers, medical records, income
23 and expense information, paternity files, police records and children's education's records,
24 which are protected from public access pursuant to Cal. Code of Civ. P. § 1798.24 and Cal.
25 Gov't Code § 6254(c). This motion is unsigned. Additionally, the motion fails to comply with
26 Local Rule 141(b). Accordingly, this motion will be denied.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis granted;

2. Plaintiff's motion to seal is denied;

3. The Clerk of the Court is directed to file the complaint in this case[1] and return all attachments to plaintiff; and

IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 10, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;todd2598.ifp

---

[1] Plaintiff's complaint is titled "Motion for Summary Judgment or Partial Summary Judgment."