IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK TODD,

    Plaintiff,                           No. CIV 2:11-cv-2598-GEB-JFM (PS)

    vs.

JUDGE JOHN ELLIS,                  <u>ORDER AND</u>

    Defendant.                 <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Pending before the court are plaintiff's objections to the undersigned's recommendation that this action be dismissed for want of jurisdiction. Upon review of the objections, the court will vacate its November 14, 2011 findings and recommendations and, instead, issue the following recommendation for dismissal.

                           RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

        This action arises out of a custody dispute in Solano County whereby plaintiff lost legal and physical custody of his minor son. Plaintiff asserts that the family law judge assigned to his case in the Solano County Superior Court, Judge John Ellis, was prejudiced and biased against plaintiff. Plaintiff argues that as a result of Judge Ellis's alleged prejudice and bias, plaintiff suffered violations of the following rights: right to freedom of speech, right to a jury trial, right to a presumption of innocence, right to due process, right to be present at a trial, right to a fair trial, right to be heard and right to privacy.

1    Prior to filing this suit, plaintiff filed a motion to disqualify Judge Ellis in the
2 Solano County Superior Court pursuant to California Code of Civil Procedure
3 § 170.1(a)(6)(A)(iii) based on the latter's alleged violations of plaintiff's statutory and
4 constitutional rights.  See Compl. at 5, ¶ 8.  Judge Ellis denied this motion on June 6, 2011.  Id.
5 On June 24, 2011, plaintiff filed a second motion to disqualify Judge Ellis.  Id. at 6, ¶ 10.  This
6 second motion was decided by a superior court judge from another county.  Id.  Apparently in
7 receipt of a denial of his motion, plaintiff filed a writ of mandate asking the California Court of
8 Appeal to disqualify Judge Ellis.  Id. ¶ 11.  The California Court of Appeal denied this motion.
9 Id.  Plaintiff filed a petition for review with the California Supreme Court, which ultimately
10 denied review.  Id. ¶ 12.
11    On October 3, 2011, plaintiff initiated this action and concurrently filed a motion
12 to proceed in forma pauperis.  In the complaint, plaintiff asserts this court has appellate
13 jurisdiction pursuant to 28 U.S.C. § 1331 and § 1651.  He seeks relief in the form of recusal of
14 defendant pursuant to 28 U.S.C. § 455(a)(b)(1), reversal of defendant's judicial orders in the
15 family law case and, lastly, return of legal and physical custody of the minor to plaintiff.
16    On November 14, 2011, the undersigned issued an order and findings and
17 recommendations granting plaintiff's request to proceed in forma pauperis and recommending
18 dismissal pursuant to the domestic relations exception as set forth in Ankenbrandt v. Richards,
19 504 U.S. 689, 703 (1992).  On November 22, 2011, plaintiff filed objections.  For the reasons set
20 forth in those objections, the court will vacate its findings and recommendations.
21                                                                DISCUSSION
22    In the November 14, 2011 findings and recommendations, dismissal was
23 recommended for lack of jurisdiction.  Specifically, the undersigned held that 28 U.S.C.
24 § 455(a)(b)(1) does not apply to state court judges, the federal court does not sit as an appellate
25 court over state courts and, finally, the court should decline jurisdiction of the family law matter
26 pursuant to the domestic relations exception.  In his opposition, plaintiff argues that Ankenbrandt

is limited to cases brought under the diversity jurisdiction statute, not those brought under the federal question statute. See Atwood v. Fort Peck Tribal Court Assiniboine, 513 F.3d 943, 948 (9th Cir. 2008). Because this action is brought pursuant to 28 U.S.C. § 1331, plaintiff is correct in noting that the domestic relations is inapplicable. Thus, to the extent dismissal was recommended based on the domestic relations exception, that doctrine does not apply to this action. Regardless, for the following reasons, the court finds dismissal is warranted.

In this case, plaintiff contends jurisdiction is proper pursuant to 28 U.S.C. § 1331 and § 1651. Plaintiff argues that writ relief is necessary to disqualify Judge Ellis, to overturn the current visitation order and to grant plaintiff legal and physical custody of his son.

As to plaintiff's first request for relief, namely, that the court recuse Judge Ellis pursuant to 28 U.S.C. § 455, the court finds that Section 455 may not be used to disqualify a state court judge. As discussed in the November 14, 2011 findings and recommendations, Section 455(a) provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b) then requires that judges covered by section 455(a) disqualify themselves in certain specific situations. By its own terms, Section 455 applies to judges "of the United States." These judges "include[] judges of the courts of appeals, district courts, Court of International Trade and any court created by Act of Congress, the judges of which are entitled to hold office during good behavior." 28 U.S.C. § 451. A California state judge is not a judge "of the United States." Rather, a California state judge is a judge of a court created by the California Constitution. See Cal. Const. art. 6. Thus, Section 455 may not be used to disqualify Judge Ellis.

Next, insofar as plaintiff seeks appellate review of the state courts' denial of plaintiff's motion to disqualify Judge Ellis, this court does not sit as an appellate court over the state courts. See Worldwide Church of God v. McNair, 805 F.2d 888 (9th Cir. 1986). As the Ninth Circuit held in Worldwide,

3

> Federal district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions. This rule arises from the interplay of two jurisdictional statutes: 28 U.S.C. § 1331, which grants district courts original jurisdiction over "civil actions arising under" federal law, and 28 U.S.C. § 1257, which grants the Supreme Court the right to review "final judgments ... rendered by the highest court of a State." This rule applies even when the state court judgment is not made by the highest state court, and when the challenge to the state court's actions involves federal constitutional issues.

Dubinka v. Judges of the Superior Court, 23 F.3d 218, 221 (9th Cir. 1994). Thus, this matter must be dismissed absent original jurisdiction.

Finally, even assuming the court has original jurisdiction over plaintiff's claims, dismissal is recommended here under the abstention doctrine derived from the matter of Younger v. Harris, 401 U.S. 37 (1971). Abstention under Younger, through which a federal court seeks to avoid interference with state court proceedings, "is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1091-92 (9th Cir. 2008) (footnote omitted). A federal court "must abstain under Younger if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves." Id. at 1092 (citing Gilbertson v. Albright, 381 F.3d 965, 978 (9th Cir. 2004) (en banc)). Younger abstention applies not only where a federal action would interfere with a state criminal proceeding, but also "to federal cases that would interfere with state civil cases and state administrative proceedings." Id. (citing Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 627 (1986)). Abstention under Younger is the "exception rather than the rule." Id. (citing AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1148 (9th Cir. 2007) ("[W]hen each of an abstention doctrine's requirements are not strictly met, the doctrine should not be applied.")).

4

Here, the allegations in plaintiff's complaint indicate that state court-initiated proceedings were ongoing at the time plaintiff filed his federal action and are still proceeding in the Superior Court. See, e.g., Doc. No. 11. Accordingly, the first condition precedent to application of Younger abstention has been satisfied.

It is also beyond dispute that the custody proceedings in the Superior Court implicate important state interests, i.e., domestic and family relations. "'Family relations are a traditional area of state concern.'" H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000) (quoting Moore v. Sims, 442 U.S. 415 (1979)). Additionally, "a state has a vital interest in protecting 'the authority of the judicial system, so that its orders and judgments are not rendered nugatory.'" Id. (quoting Juidice v. Vail, 430 U.S. 327, 336 n.12 (1977)). As a result, the second requirement of the abstention doctrine has been met.

Next, nothing in plaintiff's complaint provides the court with any reason to believe that plaintiff would be barred from litigating his constitutional claims in the California state courts. Thus, the third Younger abstention requirement has been met.

Finally, the final Younger abstention requirement favors abstention because plaintiff's federal court action would have the practical effect of enjoining the proceedings in the Superior Court. Plaintiff not only seeks an express injunction that directs the hand of the Superior Court, but he also seeks declaratory relief in the form of judicial determinations regarding the minor's mother and allegations of drug use and child abuse. See Compl. at 33. Granting plaintiff this relief would have the effect of effectively invalidating the decisions of the Superior Court and directing the future proceedings in that court. See Gilbertson, 381 F.3d at 977-80 (noting that the Supreme Court "extended Younger beyond injunctions to declaratory judgments because a declaration has the same practical effect on a state court proceeding as an injunction"). Based on the foregoing, all of the requirements upon which application of Younger abstention is conditioned are met in this case, and, accordingly, the undersigned recommends that the court abstain from hearing plaintiff's claims against Judge Ellis.

Plaintiff has also filed a second request to seal documents. Doc. No. 9. Plaintiff provides no basis for this request. Accordingly, this request will be denied.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request to seal is denied;

2. The November 14, 2011 findings and recommendations are vacated; and

IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 19, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

/014;todd2598.ifp2