IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK TODD,

        Plaintiff,               No. CIV 2:11-cv-2598-GEB-JFM (PS)

      vs.

JUDGE JOHN ELLIS,               ORDER AND

        Defendant.           FINDINGS & RECOMMENDATIONS

_____/

        Pending before the court are plaintiff's objections to the undersigned's recommendation that this action be dismissed for want of jurisdiction. Upon review of the objections, the court will vacate its November 14, 2011 findings and recommendations and, instead, issue the following recommendation for dismissal.

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

        This action arises out of a custody dispute in Solano County whereby plaintiff lost legal and physical custody of his minor son. Plaintiff asserts that the family law judge assigned to his case in the Solano County Superior Court, Judge John Ellis, was prejudiced and biased against plaintiff. Plaintiff argues that as a result of Judge Ellis's alleged prejudice and bias, plaintiff suffered violations of the following rights: right to freedom of speech, right to a jury trial, right to a presumption of innocence, right to due process, right to be present at a trial, right to a fair trial, right to be heard and right to privacy.

1

1    Prior to filing this suit, plaintiff filed a motion to disqualify Judge Ellis in the

2  Solano County Superior Court pursuant to California Code of Civil Procedure

3  § 170.1(a)(6)(A)(iii) based on the latter's alleged violations of plaintiff's statutory and

4  constitutional rights.  See Compl. at 5, ¶ 8.  Judge Ellis denied this motion on June 6, 2011.  Id.

5  On June 24, 2011, plaintiff filed a second motion to disqualify Judge Ellis.  Id. at 6, ¶ 10.  This

6  second motion was decided by a superior court judge from another county.  Id.  Apparently in

7  receipt of a denial of his motion, plaintiff filed a writ of mandate asking the California Court of

8  Appeal to disqualify Judge Ellis.  Id. ¶ 11.  The California Court of Appeal denied this motion.

9  Id.  Plaintiff filed a petition for review with the California Supreme Court, which ultimately

10  denied review.  Id. ¶ 12.

11    On October 3, 2011, plaintiff initiated this action and concurrently filed a motion

12  to proceed in forma pauperis.  In the complaint, plaintiff asserts this court has appellate

13  jurisdiction pursuant to 28 U.S.C. § 1331 and § 1651.  He seeks relief in the form of recusal of

14  defendant pursuant to 28 U.S.C. § 455(a)(b)(1), reversal of defendant's judicial orders in the

15  family law case and, lastly, return of legal and physical custody of the minor to plaintiff.

16    On November 14, 2011, the undersigned issued an order and findings and

17  recommendations granting plaintiff's request to proceed in forma pauperis and recommending

18  dismissal pursuant to the domestic relations exception as set forth in Ankenbrandt v. Richards,

19  504 U.S. 689, 703 (1992).  On November 22, 2011, plaintiff filed objections.  For the reasons set

20  forth in those objections, the court will vacate its findings and recommendations.

21                                          DISCUSSION

22    In the November 14, 2011 findings and recommendations, dismissal was

23  recommended for lack of jurisdiction.  Specifically, the undersigned held that 28 U.S.C.

24  § 455(a)(b)(1) does not apply to state court judges, the federal court does not sit as an appellate

25  court over state courts and, finally, the court should decline jurisdiction of the family law matter

26  pursuant to the domestic relations exception.  In his opposition, plaintiff argues that Ankenbrandt

2

1 is limited to cases brought under the diversity jurisdiction statute, not those brought under the

2 federal question statute.  See Atwood v. Fort Peck Tribal Court Assiniboine, 513 F.3d 943, 948

3 (9th Cir. 2008).  Because this action is brought pursuant to 28 U.S.C. § 1331, plaintiff is correct

4 in noting that the domestic relations is inapplicable.  Thus, to the extent dismissal was

5 recommended based on the domestic relations exception, that doctrine does not apply to this

6 action.  Regardless, for the following reasons, the court finds dismissal is warranted.

7 In this case, plaintiff contends jurisdiction is proper pursuant to 28 U.S.C. § 1331

8 and § 1651.  Plaintiff argues that writ relief is necessary to disqualify Judge Ellis, to overturn the

9 current visitation order and to grant plaintiff legal and physical custody of his son.

10 As to plaintiff's first request for relief, namely, that the court recuse Judge Ellis

11 pursuant to 28 U.S.C. § 455, the court finds that Section 455 may not be used to disqualify a

12 state court judge.  As discussed in the November 14, 2011 findings and recommendations,

13 Section 455(a) provides that "[a]ny justice, judge, or magistrate of the United States shall

14 disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

15 Section 455(b) then requires that judges covered by section 455(a) disqualify themselves in

16 certain specific situations.  By its own terms, Section 455 applies to judges "of the United

17 States."  These judges "include[] judges of the courts of appeals, district courts, Court of

18 International Trade and any court created by Act of Congress, the judges of which are entitled to

19 hold office during good behavior."  28 U.S.C. § 451.  A California state judge is not a judge "of

20 the United States."  Rather, a California state judge is a judge of a court created by the California

21 Constitution.  See Cal. Const. art. 6.  Thus, Section 455 may not be used to disqualify Judge

22 Ellis.

23 Next, insofar as plaintiff seeks appellate review of the state courts' denial of

24 plaintiff's motion to disqualify Judge Ellis, this court does not sit as an appellate court over the

25 state courts.  See Worldwide Church of God v. McNair, 805 F.2d 888 (9th Cir. 1986).  As the

26 Ninth Circuit held in Worldwide,

1
2
3
4
5

> Federal district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions.  This rule arises from the interplay of two jurisdictional statutes: 28 U.S.C. § 1331, which grants district courts original jurisdiction over "civil actions arising under" federal law, and 28 U.S.C. § 1257, which grants the Supreme Court the right to review "final judgments ... rendered by the highest court of a State."  This rule applies even when the state court judgment is not made by the highest state court, and when the challenge to the state court's actions involves federal constitutional issues.

6   Dubinka v. Judges of the Superior Court, 23 F.3d 218, 221 (9th Cir. 1994).  Thus, this matter

7   must be dismissed absent original jurisdiction.

8                  Finally, even assuming the court has original jurisdiction over plaintiff's claims,

9   dismissal is recommended here under the abstention doctrine derived from the matter of Younger

10  v. Harris, 401 U.S. 37 (1971).  Abstention under Younger, through which a federal court seeks to

11  avoid interference with state court proceedings, "is a jurisprudential doctrine rooted in

12  overlapping principles of equity, comity, and federalism."  San Jose Silicon Valley Chamber of

13  Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1091-92 (9th Cir. 2008)

14  (footnote omitted).  A federal court "must abstain under Younger if four requirements are met:

15  (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state

16  interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the

17  state proceeding; and (4) the federal court action would enjoin the proceeding or have the

18  practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger

19  disapproves."  Id. at 1092 (citing Gilbertson v. Albright, 381 F.3d 965, 978 (9th Cir. 2004) (en

20  banc)).  Younger abstention applies not only where a federal action would interfere with a state

21  criminal proceeding, but also "to federal cases that would interfere with state civil cases and

22  state administrative proceedings."  Id. (citing Ohio Civil Rights Comm'n v. Dayton Christian

23  Sch., Inc., 477 U.S. 619, 627 (1986)).  Abstention under Younger is the "exception rather than

24  the rule."  Id. (citing AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1148 (9th Cir. 2007)

25  ("[W]hen each of an abstention doctrine's requirements are not strictly met, the doctrine should

26  not be applied.")).

1    Here, the allegations in plaintiff's complaint indicate that state court-initiated

2  proceedings were ongoing at the time plaintiff filed his federal action and are still proceeding in

3  the Superior Court.  See, e.g., Doc. No. 11.  Accordingly, the first condition precedent to

4  application of Younger abstention has been satisfied.

5    It is also beyond dispute that the custody proceedings in the Superior Court

6  implicate important state interests, i.e., domestic and family relations.  "'Family relations are a

7  traditional area of state concern.'"  H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir.

8  2000) (quoting Moore v. Sims, 442 U.S. 415 (1979)).  Additionally, "a state has a vital interest

9  in protecting 'the authority of the judicial system, so that its orders and judgments are not

10  rendered nugatory.'"  Id. (quoting Juidice v. Vail, 430 U.S. 327, 336 n.12 (1977)).  As a result,

11  the second requirement of the abstention doctrine has been met.

12    Next, nothing in plaintiff's complaint provides the court with any reason to

13  believe that plaintiff would be barred from litigating his constitutional claims in the California

14  state courts.  Thus, the third Younger abstention requirement has been met.

15    Finally, the final Younger abstention requirement favors abstention because

16  plaintiff's federal court action would have the practical effect of enjoining the proceedings in the

17  Superior Court.  Plaintiff not only seeks an express injunction that directs the hand of the

18  Superior Court, but he also seeks declaratory relief in the form of judicial determinations

19  regarding the minor's mother and allegations of drug use and child abuse.  See Compl. at 33.

20  Granting plaintiff this relief would have the effect of effectively invalidating the decisions of the

21  Superior Court and directing the future proceedings in that court.  See Gilbertson, 381 F.3d at

22  977-80 (noting that the Supreme Court "extended Younger beyond injunctions to declaratory

23  judgments because a declaration has the same practical effect on a state court proceeding as an

24  injunction").  Based on the foregoing, all of the requirements upon which application of Younger

25  abstention is conditioned are met in this case, and, accordingly, the undersigned recommends

26  that the court abstain from hearing plaintiff's claims against Judge Ellis.

1    Plaintiff has also filed a second request to seal documents.  Doc. No. 9.  Plaintiff

2  provides no basis for this request.  Accordingly, this request will be denied.

3    Based on the foregoing, IT IS HEREBY ORDERED that:

4    1.  Plaintiff's request to seal is denied;

5    2.  The November 14, 2011 findings and recommendations are vacated; and

6    IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed.

7    These findings and recommendations are submitted to the United States District

8  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

9  days after being served with these findings and recommendations, any party may file written

10  objections with the court and serve a copy on all parties.  Such a document should be captioned

11  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

12  objections shall be filed and served within fourteen days after service of the objections.  The

13  parties are advised that failure to file objections within the specified time may waive the right to

14  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15  DATED: March 19, 2012.

16

17

18    UNITED STATES MAGISTRATE JUDGE

19

20  /014;todd2598.ifp2

21

22

23

24

25

26